Lee NORWOOD, et ux., Plaintiffs,

v.

Mark MARROCCO, et al., Defendants.

Civ. A. No. 83–2395.

United States District Court,
District of Columbia.

June 4, 1984.

Arthur H. Blitz, Bethesda, Md., Albert B. Addis, Troy, Mich., for plaintiffs.

John Perazich, Washington, D.C., for defendant Marrocco.

Keith M. Bonner, Leo A. Roth, Jr., Washington, D.C., for defendant Rumors Restaurant.

MEMORANDUM

OBERDORFER, District Judge.

This case involves the liability of a tavern keeper in the District of Columbia for the intentional torts committed by a patron who became intoxicated on the premises. Rumors Restaurant, the defendant tavern keeper, moved for a directed verdict at the close of the plaintiffs' case and has renewed that motion at the close of the defendants' case. For reasons explained below, the motion has been granted in open court.

## I.

The facts are not complex. Plaintiff Lee Norwood is a professional hockey player who, at the time, played defense for the Washington Capitols. Defendant Mark Marrocco is a large, powerful young man who entered Rumors Restaurant in Northwest Washington on the evening of August 17, 1982. He was under the legal drinking age at the time, but the restaurant failed to check his identification. Several hours later, after consuming a number of alcoholic drinks, Marrocco left the restaurant with some friends. Marrocco acknowledges that he was intoxicated when he left the restaurant.

Outside the restaurant, the Morrocco party encountered plaintiff Lee Norwood and a group of Norwood's friends. Norwood had also been drinking. He and his friends had consumed numerous drinks at a nearby bar. Norwood, like Marrocco, acknowledges that he was intoxicated at the time.

When the Norwood and Marrocco parties met on the sidewalk outside Rumors, words were exchanged and a melee ensued. It is unclear from the testimony just how or why the fight started, as might be expected when all participants were intoxicated. During the fight, plaintiff Norwood and defendant Marrocco paired off. Norwood was knocked to the sidewalk, lost consciousness, and awoke in George Washington University Hospital with multiple injuries, including a broken jaw. He subse-

quently sued Marrocco for assault and battery and Rumors for serving Marrocco alcoholic beverages. Marrocco counterclaimed for assault and battery, false arrest, and defamation.[1]

## II.

■ It is established in this jurisdiction that a tavern keeper may be held liable for damages caused by the intentional torts of an intoxicated patron. *Marusa v. District of Columbia,* 484 F.2d 828 (D.C.Cir.1973). In *Marusa,* the D.C. Circuit, sitting as the then highest state court for the District of Columbia, 484 F.2d at 830 n. 1, ruled that D.C.Code § 25–121(a) creates a civil cause of action against a tavern keeper who serves an intoxicated person. Plaintiff in *Marusa* was shot by an intoxicated off-duty police officer, and subsequently sued the bar that had served beverages to the officer.[2]

■ There are two strong grounds for directing a verdict on plaintiffs' claims against Rumors Restaurant under D.C. Code § 25–121(a). Most significantly, the Court of Appeals has clearly indicated that any liability to injured third parties under this statute is based on a negligence theory. *Marusa,* 484 F.2d at 833. Even if Rumors Restaurant was in fact negligent in serving Mark Marrocco in this case, either because he appeared intoxicated or because he was underage, and even if the fight and the resulting injuries were a foreseeable result of that negligence, *Marusa,* 484 F.2d at 835, a reasonable jury could not fail also to conclude that plaintiff Lee Norwood's own contributory negligence was a proximate cause of his injuries.

The evidence adduced at trial showed that plaintiff was himself intoxicated when the fight occurred, that he was in a public place at the time the fight occurred, and that he was in the company of a group of people who had been drinking at the time the fight occurred. In addition, plaintiff testified that he exchanged words with the defendant and attempted to restrain him when the melee commenced.

No reasonable jury could fail to conclude that Lee Norwood's own intoxication and actions, like Marrocco's intoxication and the alleged negligence of Rumors which produced it, were a proximate cause of plaintiffs' injuries. A reasonable person using ordinary care would not become intoxicated and then, while intoxicated on a public street, reach for a formidable stranger who is also intoxicated and attempt to hold him at bay. Such conduct approaches contributory negligence as a matter of law, especially in light of D.C. Code § 25–128, which provides:

> No person in the District of Columbia, whether in or on public or private property, shall be intoxicated and endanger the safety of himself or of any other person or of property.

Considering this statute and all the evidence in the case most favorably to the plaintiffs, no reasonable jury could fail to conclude that plaintiff Norwood's conduct is negligence which contributed to plaintiffs' injuries. *Cf. Hutchinson v. Mitchell,* 143 W.Va. 280, 101 S.E.2d 73 (1957) (It may be contributory negligence as a matter of law to continue to ride with a drunken

---

**1.** The Court directed a verdict for plaintiff on Marrocco's false arrest and defamation counterclaims. All the evidence indicated that plaintiff Norwood was unconscious at the time the arrest occurred, and took no action that contributed to any arrest or defamation of the defendant. Although Norwood was listed as the complainant on the papers at the time Marrocco was arrested, all the evidence indicated that Norwood was unaware he was so listed and that, in all probability, the police named him as a complainant without consulting him.

**2.** Defendant Rumors challenges the ongoing validity of *Marusa v. District of Columbia,* 484 F.2d 828 (D.C.Cir.1973), in light of *Clevenger v. District of Columbia,* 106 Daily Wash.L.Rep. 1561 (D.C.Sup.Ct.1978). In *Clevenger,* decided after the District of Columbia Court Reform and Criminal Procedure Act took effect, a lower court of the District of Columbia questioned and refused to follow the D.C. Circuit's analysis of D.C.Code § 25–121(a). This Court assumes without holding that *Marusa* is the law in this jurisdiction unless and until overruled by the highest court of the District of Columbia.

driver after there is an opportunity to leave the car).

At the time this Court ruled from the bench, there appeared to be a second independent ground for directing a verdict for defendant Rumors Restaurant: the lack of evidence that Mark Marrocco appeared intoxicated at the time he was served alcoholic beverages by the restaurant. *Cartwright v. Hyatt Corporation*, 460 F.Supp. 80, 82 & n. 10 (D.D.C.1978), appeared to establish that a tavern keeper can be held liable for serving an intoxicated patron under D.C.Code § 25–121(a) only if, at the time the tavern keeper served the patron the alcoholic beverages, the patron appeared to be intoxicated to those serving the drinks. In this case, there was not sufficient evidence to support a reasonable conclusion that Mark Marrocco appeared to be intoxicated to the bartender at the time he was served intoxicating beverages. At most, the evidence showed that Mark Marrocco appeared intoxicated when he finally left the restaurant.

All parties had cited the *Cartwright* case to the Court in pretrial pleadings and in open court. What all parties apparently missed, however, was that the summary judgment for the tavern keeper in *Cartwright* was reversed by our Court of Appeals on February 8, 1980. The case subsequently went to trial with a verdict for the tavern keeper. *See Cartwright v. Hyatt Corp.*, No. 77–0618, Docket Sheet at 5 & 6 (D.D.C.1980). It is understandable that this unpublished decision of the Court of Appeals escaped the attention of the parties, especially since it also escaped the attention of Shepard's, Westlaw, Lexis, and the four courts that have subsequently cited the trial judge's opinion. The second ground for a directed verdict stated in open court is accordingly no longer valid.

Nevertheless, on the contributory negligence ground, Rumors Restaurant is entitled to, and has received, a directed verdict. The assault and battery claims of Lee Norwood against Mark Marrocco, which are based on an intentional tort rather than a negligence theory, will go to the jury, as will Mark Marrocco's assault and battery claims against Lee Norwood.[3]

---

**3.** The jury subsequently returned a verdict for plaintiff Lee Norwood, but not for plaintiff Ann Norwood, on their claims against defendant Marrocco.